CALLAHAN, Circuit Judge,
concurring:
I concur in the opinion, but write separately because I share the concern expressed by Judge Bea in his separate concurrence and dissent that our clarification of IDEA’S exhaustion requirement, 20 U.S.C. § 1415(Z), may be used to circumvent the requirement. Even under the “relief-centered” approach we adopt, it is not always possible to determine whether the alleged damages are separate and distinct from those covered by the IDEA. The solution to this dilemma may not lie solely in the dismissal of an ambiguous complaint or cause of action for failure to exhaust, but may be complemented by allowing a defendant school district to assert, even at trial, that an aspect of plaintiffs claim of damages would have been addressed in the administrative proceedings. Then, to the extent that the defendant meets its burden of demonstrating that the administrative processes would have addressed an aspect of the alleged damages, plaintiff would be denied any recovery for that aspect because that portion of his claim is unexhausted.
This approach differs in its critical aspects from the concept of mitigation. Although the statute states that an action may not be filed until administrative proceedings have been exhausted, it may not always be possible to determine, either at the pleadings stage or on a motion for summary judgment, whether some aspect of the alleged damages would have been addressed, in whole or in part, in administrative proceedings. Accordingly, lest the purpose of the exhaustion requirement be evaded, we should recognize that the scope of the unexhausted administrative proceedings may only become clear at trial. Of course, at that point in time it is impossible to literally enforce the exhaustion requirement. The lawsuit has been filed and presumably some aspects of the alleged damages would not have been addressed in the available administrative proceedings (otherwise the court would have already dismissed the action). In such a situation, the intent of the statute is best served by denying the plaintiff any recovery for any aspect of the alleged damages that the defendant school district shows would have been addressed in the administrative proceedings.
The school district has the burden of making the requisite factual showing that an aspect of a damage claim would have been addressed in the administrative proceedings, but it need not show that the administrative proceedings would have produced a solution. Rather, if the school district shows, to the requisite degree of certainty, that the administrative proceedings would have addressed an aspect of the plaintiffs alleged damages, the plaintiff may not recover for that aspect. In essence, if the factfinder determines that an aspect of plaintiffs claim for damages would have been addressed by the administrative proceedings, the plaintiff has failed to exhaust the administrative procedures for that aspect. Accordingly, to enforce the exhaustion provision, the plaintiff should be barred from seeking damages for that aspect of his or her claim. This is not mitigation in the sense of reducing damages based on a plaintiffs failure to prevent the harm, rather it enforces a statutory prerequisite to the entitlement to *885 collect the damages — engaging in the requisite pre-suit administrative proceedings.
The allegations in this case allow for an illustration of this approach. D.P.’s confinement to the “safe room” arose out of the parties relationship based on the IDEA. However, his confinement was also arguably a violation of D.P.’s constitutional rights irrespective of the parties’ relationship under the IDEA. Our focus, however, is not on whether the alleged injury resulted from a violation of the IDEA or of the child’s constitutional rights, but whether the “relief sought is also available under the IDEA.” Maj. Op. 875; see also Maj. Op. 872-73.
The difficulty in measuring damages, is implicitly admitted in our direction to the district court to allow Payne “to amend her complaint in order to flesh out her specific claims and enable the court to determine which claims require IDEA exhaustion and which do not.” Maj. Op. 881. For example, we recognize that Payne’s request for “general damages for extreme mental suffering and emotional distress” might not fall “within the purview of § 1415(i),” but will if “the ‘emotional distress’ stems from Payne’s concern that D.P. was not receiving an adequate education.” Maj. Op. 883. It is not clear to what extent long term academic, psychological or emotional harms, must be addressed in the administrative proceedings. The majority holds that “[t]he IDEA’S exhaustion requirement applies to claims only to the extent that the relief actually sought could have been provided by the IDEA.” Maj. Op. p. 874. It further holds that “exhaustion is required in cases where a plaintiff is seeking to enforce rights that arise as a result of a denial of a free appropriate public education.” Maj. Op. p. 875. Thus, although it may be “far from clear that the IDEA authorizes the provision of services designed to correct injuries caused by the school’s past violation of other laws,” (Maj. Op. p. 880, but see Bea Con. p. 887-88), the line between those aspects of damages which would have been addressed in administrative proceedings, and those which would not, may be a factual issue that will have to be determined on a case by case basis.
Here, as noted by Judge Bea, much of the relief or damages Payne sought was arguably available under the IDEA. On the other hand, as all admit, to the extent that plaintiffs seek monetary damages for compensation for past pain and suffering, such relief is not available under the IDEA. See Maj. Op. 883-84; Bea Con. pp. 891-92 n. 8. Furthermore, as the majority notes, the complaint “does not explicitly link each constitutional claim to a form of requested relief.” Maj. Op. 883. Although we direct the district court to scrutinize the complaint, we implicitly admit that the line between damages that are and are not addressable in IDEA administrative proceedings may not be clear. See Maj. Op. 882-83. It follows that the district court may be able to use the IDEA’S exhaustion requirement to narrow the complaint at the pleading stage, but may not be able to dispose of the case.
The danger is, as Judge Bea notes, that artful pleading may enable plaintiffs to circumvent the exhaustion requirement. See Bea Con. 890-91. However, much of the incentive to do so will be dissipated if, at trial, the defendant may present evidence showing that the administrative proceedings under the IDEA, if utilized, would have addressed certain aspects of the claimed damages. This also recognizes the exhaustion requirement is akin to an affirmative defense, rather than a jurisdictional bar to the lawsuit.
Such an approach is consistent with the intent of the IDEA to encourage the parties to take advantage of the administra *886 tive proceedings. At the same time, it recognizes that just because a student is subject to the IDEA, he or she does not forfeit his or her other constitutional and statutory rights. Nonetheless, where (1) the alleged damages arise in the context of a relationship under the IDEA, (2) plaintiff did not exhaust the administrative proceedings under the IDEA, and (3) the measure of damages includes aspects that would have been addressed in the administrative proceedings, then the exhaustion requirement should be construed as denying plaintiff any recovery for those aspects of the claim that it is determined — under the applicable standard of proof and by the appropriate factfinder — would have been addressed by the administrative proceedings.